# EXHIBIT A

Received

MAR 0 5 2014

City Attorney

FEB 2 1 2014

D. CLEMONS

ALAMEDA COUNTY

1  Asha B. Wilkerson (SBN 267710)
2  The Wilkerson Law Office
   1924 Franklin St., Suite 310
3  Oakland, CA 94612
   Telephone: 510.962.8633
4  Facsimile: 510.722.9337

5
6  Attorney for Plaintiff
   Jamal Williams

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF ALAMEDA
9                UNLIMITED CIVIL JURISDICTION

10

11  JAMAL WILLIAMS,                    )  Case No.: RG14714688
12                                      )
                    Plaintiff,          )  COMPLAINT FOR DAMAGES
13                                      )
            vs.                         )
14                                      )  1.  Discrimination and Harassment
    CITY OF BERKELEY and DOES I-X       )      Based Upon a Disability in Violation
15            Defendants                )      of the Fair Employment and Housing
                                        )      Act
16                                      )  2.  Failure to Pay Wages [Labor Code
                                        )      §203]
17                                      )  3.  Failure to Keep Payroll Records
18                                      )      [Labor Code §1174]
                                        )  4.  Retaliation
19                                      )
                                        )
20  _____)

21
                         SUMMARY OF CLAIMS
22
23  1.  This is an action for damages by Plaintiff against his former employer for a pattern of

24      tortious conduct, involving multiple violations of the Fair Employment and Housing

        Act, including discrimination and harassment on the basis of a physical and medical
25
        condition.  Plaintiff further claims that Defendant's conduct was intended to, and did
26
        cause Plaintiff severe mental and emotional distress.  Plaintiff seeks compensatory
27

28

                      COMPLAINT FOR DAMAGES
                                1

damages including general damages for mental and emotional distress and punitive

damages and statutory attorney fees.

## PARTIES

2. At all times herein mentioned Plaintiff JAMAL WILLIAMS (hereinafter "Plaintiff")

was an employee in the County of Alameda, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges

that at all times herein mentioned Defendant CITY OF BERKELEY (hereinafter

"Defendant") is, and at all times relevant herein was, a governmental agency under

the laws of the State of California, which maintains a principal place of business in

the City of Berkeley, County of Alameda, California.

4. Plaintiff is unaware of the true names and capacities, whether corporate, associate,

individual, or otherwise, of Defendants named, as DOES I through X, inclusive.

Pursuant to CCP §474, Plaintiff will seek leave of court to amend this complaint to

state these Defendants' true names and capacities when they have been ascertained.

Plaintiff is informed and believes and based on such information and belief alleges

that these fictitiously named Defendants are responsible in some manner for the

injury and damages to Plaintiff as further alleged herein.

## AGENCY

5. Plaintiff is informed and believes and on such information and belief alleges that

Defendants, and each of them, at all times herein mentioned were the agents,

employees, servants, joint venturers, and/or co-conspirators of the remaining

Defendants, and were acting in the course and scope of such agency, employment,

joint venture, and/or conspiracy; that Defendants, and each of them, were doing the

things herein alleged, were the actual and/or ostensible agents of the remaining

defendants, and were acting within the course and scope of this agency; and that each

and every defendant, as alleged, when acting as a principal, was negligent in

selecting, hiring, supervising, and continuing the employment of each and every
Defendant as an agent, employee, or joint venturer; and/or that these Defendants
approved, supported, participated in, authorized, and/or ratified the acts and/or
omissions of these employees, agents, servants, conspirators, and/or joint venturers.

## FACTS

6. Defendant City of Berkeley (hereinafter "Defendant") hired Plaintiff as a temporary,
   intermittent, non-benefitted and hourly employee on May 20, 2008. Plantiff has a
   groundkeeper and was primarily responsible for maintaining city parks

7. In 2012, Mr. Samuel Wiley, Plaintiff's supervisor, asked Plaintiff to come to his
   house and pick him up for work.  Plaintiff refused to pick him up because he did not
   feel comfortable as this was totally outside of his job description.  He also felt it was
   highly inappropriate for a supervisor to ask his employee to do personal favors.
   Plaintiff notified Mr. Wiley that he felt uncomfortable with this request.

8. Following Plaintiff's refusal to pick Mr. Wiley up from his house, Mr. Wiley started
   to harass Plaintiff on a regular basis.

9. On January 25, 2012, Plaintiff arrived at work and was standing in line to clock in
   using his time card when a city employee, Michelle Pedro, grabbed Plaintiff's time
   card, yelled and cursed at him.  Plaintiff immediately tried to report the incident to
   Senior Supervisor Doug McDonald, but was told that Mr. McDonald was unavailable
   and that he should report the incident to his direct supervisor.

10. Plaintiff reported the incident with Ms. Pedro to his supervisor, Mr. Wiley, however
    Mr. Wiley refused to file a formal complaint against Ms. Pedro stating that she was a
    unionized employee and that reporting Ms. Pedro's misconduct would result in
    Plaintiff losing his job.

11. Plaintiff injured his hand while at work in or around September 2012.  Plaintiff filed a
    workers' compensation claim with Defendant and began receiving medical treatment.

12. On or around September 2012, the City refused to accommodate Plaintiff's work modification request for light or moderate duty. As a result, Plaintiff was forced to take one week off to recover. Plaintiff was unpaid during this period of forced medical leave.

13. When Plaintiff returned to work, Mr. Wiley berated Plaintiff for filing a workers' compensation claim and announced that he had not taken a day off of work in 45 years.

14. After Plaintiff's injury, Mr. Wiley required Plaintiff to load and unload a three-quarter-ton truck with woodchips by hand, a task that was not normally included in Plaintiff's daily responsibilities.

15. Plaintiff let Mr. Wily know that he was unable to load the truck by himself and that he had medical restrictions for light duty, thereby requesting an accommodation. He specifically notified Mr. Wiley that the work aggravated his hand injury and that he needed assistance or an alternative assignment. In the days following, Mr. Wiley required Plaintiff to load the truck by himself two (2) or three (3) times a day and refused to give him assistance and accommodation.

16. In November 2012 Plaintiff worked on a Saturday, which was approved by Mr. Wiley. When Plaintiff arrived, Mr. Wiley accused Plaintiff of trying to work extra hours and of trying to "get over" on the system.

17. Mr. Wiley told Plaintiff to meet him in their supervisor office. Plaintiff met with Mr. McDonald and complained that Mr. Wily had created a hostile work environment due to his constant harassment regarding his hand injury, the hours he was working, and his schedule. Plaintiff also notified Mr. McDonald that he believed he was being retaliated against following his hand injury as Mr. Wiley required Plaintiff to perform manual labor without assistance. The tasks were normally assigned to two or three people to complete. Mr. McDonald took no corrective action.

18. Mr. Wiley also assigned Plaintiff to tasks that were beyond his regular responsibilities and that jeopardized his safety. He was required to work on the center medians by

himself, which is a violation of OSHA safety standards. The safety standards require at least two employees to work in the street as a safety precaution. Occasionally employees from other City of Berkeley departments and the City's OSHA representative informed Plaintiff that the signage he was given was inadequate and that he needed to have another employee working with him.

19. Plaintiff informed Mr. Wiley about the safety guidelines. Mr. Wiley told Plaintiff to stop working for that day and then a few weeks later he would assign Plaintiff to another assignment unaccompanied by coworkers, which, again, violated OSHA safety protocol.

20. Plaintiff was scheduled to work a split shift on Thursdays from 6:30 a.m. to 1:30 p.m. and then two hours in the afternoon. During the afternoon Plaintiff was required to close five (5) parks in the City of Berkeley. Following the shift, Plaintiff was required to complete paperwork for the day. Mr. Wiley required Plaintiff to clock-out prior to completing his paperwork so that he would not be on the clock for overtime.

21. Plaintiff was not paid overtime when he worked in excess of eight hours in one day.

22. When Plaintiff asked his supervisor, Mr. Wiley, about the overtime pay he believed he was entitled to, Mr. Wiley told Plaintiff he could be fired for asking about the pay rate.

23. In addition, Plaintiff worked half of the holidays during the year. Mr. McDonald assigned Plaintiff to specific holidays. According to departmental policy, employees working on the holidays would receive four (4) additional hours of pay to the actual hours worked as holiday pay.

24. Although Mr. McDonald approved Plaintiff's work schedule and was also Mr. Wiley's supervisor, Mr. Wiley regularly refused to give Plaintiff the pay for holiday hours and frequently changed Plaintiff's time card after Plaintiff submitted it. Mr. Wiley never discussed the changes with Plaintiff.

25. Additionally, Plaintiff believes Mr. Wiley regularly changed his time card to reflect fewer hours worked.

26. Plaintiff's supervisor, Mr. Wiley, terminated Plaintiff's employment on March 19, 2013 under the guise of budget cuts. He was asked to return his uniform, keys, safety equipment, City I.D. card, City swipe card, and assigned work tools.

27. At the time of termination, Plaintiff received a letter dated March 19, 2013 stating that his services were no longer needed and that his paycheck would be mailed to his current address. Plaintiff did not receive his final paycheck at the time of termination.

28. On or around March 24, 2013 Plaintiff received a paycheck for the pay period ending March 16, 2013. On or about April 9, 2013 Plaintiff received a "final" paycheck for the period ending March 30, 2013. Upon review of the "final" paycheck, Plaintiff discovered that he had not been paid for his accrued vacation for the 2012 calendar year.

29. When Plaintiff questioned Defendant about his missing vacation pay, a payroll representative told him that he was two (2) hours shy of receiving vacation pay and his final paycheck was issued on January 24, 2013, approximately two months prior to his termination.

30. Plaintiff worked sufficient hours during the 2012 calendar year to earn forty (40) hours of vacation for the 2013 calendar year. Plaintiff is entitled to payment of the vacation hours he did not use in 2013.

31. Mr. Wiley made repeated comments to Plaintiff that he should have started working for the City when he was in his thirties because he was now old and "washed up" at the age of forty. Mr. Wiley also made comments stating that Plaintiff had "waited too long to work for the city" and "this job can't mean that much for you." At the time Plaintiff was terminated, he was approximately two (2) months away from becoming a permanent, vested employee with full benefits.

32. Plaintiff's co-workers noticed Mr. Wiley's harassing treatment toward Plaintiff. Specifically, Herb Miller and Herb King were among the supervisors who made comments to Plaintiff asking why Mr. Wiley treated Plaintiff so poorly. Mr. Miller

1     indicated to Plaintiff that he was going to speak with Mr. Wiley to see what was

2     going on because he was concerned about Plaintiff's disparate treatment.

3  33. A month after Plaintiff was terminated, Plaintiff's position was reposted on

4     Defendant's website.  However, three months prior to Plaintiff's termination, the

5     Acting Superintendent of the Parks, Scott Feris, called a meeting for all City of

6     Berkeley Parks Department employees and informed them that there would be no

7     layoffs, including temporary workers.

8

9              EXHAUSTION OF ADMINISTRATIVE REMEDIES

10 34. On or about January 28, 2014, Plaintiff filed a complaint with the Department of Fair

11    Employment and Housing (hereinafter "DFEH").  Thereafter, on January 28, 2014,

12    the DFEH issued a "right to sue" letter, a copy of which is attached hereto as Exhibit

13    A.

14

15                    FIRST CAUSE OF ACTION

16  (Disability Discrimination in Violation of the Fair Employment and Housing Act, California

17                Government Code §12940 et seq.)

18 35. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 34 of the

19    introductory allegations as if set forth in full.

20 36. Plaintiff was employed by Defendant, which is an "employer" under the California

21    Fair Employment and Housing Act, Cal. Gov. Code §12926, et seq.

22 37. Before terminating Plaintiff, Defendant knew that Plaintiff had a disability that

23    limited his ability to work.

24 38. Plaintiff was able to perform essential job duties of his position with reasonable

25    accommodation for his disability.

26 39. As alleged herein, Defendant unlawfully discriminated against Plaintiff based on his

27    disability and/or perceived disability. Defendant did so by, among other things,

28    refusing to accommodate Plaintiff following his request for accommodation and by

terminating Plaintiff's employment. Plaintiff's disability was a motivating reason for Defendant's termination of Plaintiff's employment.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer extreme and severe mental anguish and emotional distress and other non-economic damages including but not limited to shock, anxiety, loss of self esteem, and loss of self worth, and has incurred and continues to incur medical expenses for treatment by health care professionals, and for other incidental medical expenses. Plaintiff has also suffered wage loss and loss of benefits, past and future. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to attorney's fees and costs pursuant to statue.

41. The conduct of Defendant's officers, directors, and managing agents in terminating Plaintiff's employment was done intentionally, and with full knowledge of and in conscious disregard for the harm it would cause Plaintiff. Plaintiff seeks an award of exemplary damages against Defendant in an amount sufficient to make an example of and to punish Defendant.

Wherefore Plaintiff prays for judgment as set forth below.


## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wage & Overtime Compensation)

42. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41 of the introductory allegations as if set forth in full.

43. Defendant refused to pay Plaintiff his agreed upon hourly wage and overtime wages throughout his employment in violation of the California Labor Code.

44. Furthermore, Plaintiff was not paid overtime when he worked in excess of eight hours a day and when Plaintiff asked his supervisor, Mr. Wiley, about the overtime pay he believed he was entitled to, Mr. Wiley told Plaintiff he could be fired for asking about the pay rate.

45. Pursuant to Labor Code §218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

46. Pursuant to Labor Code §218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable.

Wherefore Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Failure to Keep Payroll Records [Labor Code §1174])

47. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 46 of the introductory allegations as if set forth in full.

48. Defendant failed to keep records of hours worked by employees throughout his employment in violation of the California Labor Code §1174.

49. Plaintiff was not paid for the holiday hours he was specifically assigned by his supervisor, Mr. Wiley.  Additionally, Mr. Wiley regularly changed Plaintiff's time card to reflect fewer hours worked.

50. Pursuant to Labor Code §218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

51. Pursuant to Labor Code §218.6, Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable.

Wherefore Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### (Retaliation [Government Code §12940(k)])

52. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 51 of the introductory allegations as if set forth in full.

53. Defendant CITY OF BERKELEY failed to fulfill its duty as an employer to assure that any and all steps reasonably necessary were taken to prevent discrimination based on physical or medical condition or for protesting such discrimination, and as such, Defendant violated Government Code §12940(k).

54. As a direct and proximate result of this discrimination based on physical or medical condition, Plaintiff has sustained damages in sums prayed.

Wherefore Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### (Hostile Work Environment [Government Code §12940(j)])

55. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 54 of the introductory allegations as if set forth in full.

56. Defendant harassed Plaintiff on the basis of his disability and medical condition in violation of Government Code §12940(j)(1). After Plaintiff's hand injury occurred, Mr. Wiley berated Plaintiff for filing a worker compensation claim and when Plaintiff requested a reasonable accommodation, Mr. Wiley did not provide assistance in addressing Plaintiff's concerns.

57. Furthermore, when Plaintiff notified Mr. Wiley's supervisor, Douglas McDonald, that Mr. Wiley had created a hostile work environment due to his constant harassment regarding his hand injury, the hours he was working, his schedule and the fact that Mr. Wiley required Plaintiff to perform manual labor by himself that was often assigned to two or three people to complete, Mr. McDonald took no corrective action.

58. A hostile work environment harassment is speech or conduct that is severe or pervasive enough to create a hostile or abusive work environment based in relevant part on an individual's disability, medical condition, race, sex, national origin or age. Here, Plaintiff experienced constant harassment while carrying out his job duties at the City of Berkeley based in part on his disability and medical condition.

59. On multiple occasions, Mr. Wiley also harassed Plaintiff by asking him for personal favors that were outside Plaintiff's job description by making Plaintiff feel extremely uncomfortable and the conduct was sufficiently severe and pervasive to alter the conditions and terms of Plaintiff's employment and created an abusive working environment.

60. The above conduct was unwelcome, directed toward Plaintiff, and was part of an ongoing and continuing pattern of conduct.

61. The above conduct caused Plaintiff to perceive his work environment as intimidating, hostile, abusive or offensive and a reasonable person in Plaintiff's position would perceive the work environment to be intimidating, hostile, abusive or offensive.

62. Mr. Wiley's actions were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff, and in furtherance of Defendant's ratification of the wrongful conduct of the employees and managers of Defendant.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendant.

63. By reason of Mr. Wiley's conduct and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

64. As a result of Defendant's actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendant and each of their actions, Plaintiff suffered non-economic losses including but not limited to emotional distress, resulting in damages to be proven at trial.

Wherefore, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

1. For compensatory damages in an amount according to proof;

2. For exemplary damages;

3. For penalties in an amount according to proof pursuant to Labor Code §203;

4. For reasonable attorney's fees pursuant to Labor Code §218.5;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem appropriate.


Dated this February 19, 2014

The Wilkerson Law Office

Asha B. Wilkerson
Attorney for Plaintiff
JAMAL WILLIAMS

# EXHIBIT A

STATE OF CALIFORNIA | Busi...   ...onsumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jan 28, 2014

RE:  **Notice of Filing of Discrimination Complaint**
      DFEH Number: 210404-88827
      Right to Sue: Williams / City of Berkeley

To All Respondent(s):

Enclosed is a copy of an complaint of discrimination that has been filed with the Department of Fair Employment
and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the
complaint pursuant to Government Code section 12962.  A copy of the Notice of Case Closure and Right to Sue
is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
**210404-88827**

COMPLAINANT
**Jamal Williams**

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| City of Berkeley | 1325 Bancroft Way  Berkeley CA 94702 | (510) 981-6660 |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 10 | Mar 19, 2013 | Public Employment Agency |

CO-RESPONDENT(S)                                                                                      ADDRESS

Sam Wiley City of Berkeley                                          1325 Bancroft Way  Berkeley  CA 94702

DATE FILED Jan 28, 2014
MODIFIED    Jan 28, 2014

REVISED JULY 2013
PAGE 1/3

STATE OF CALIFORNIA | Department of Fair Employment and Housing                                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
210404-88827

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Mar 19, 2013 |
| BECAUSE OF MY | Age - 40 and over, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer |
| AS A RESULT, I WAS | Asked impermissible non-job-related questions, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied family care or medical leave, Denied promotion, Denied reasonable accommodation, Terminated |

## STATEMENT OF FACTS

I was discriminated against due to my disability and medical condition. After I injured my hand while on the job and requested a reasonable accomodation, my supervisor, Mr. Sam Wiley, failed to engage in the interactve process with me to determine what accomodations I would need. Furthermore, Mr. Wiley requested personal favors from me that were outside of my job description, making me feel uncomfortable and after I refused, he began to harrass me on a regular basis, creating a hostile work environment. Finally, I was terminated under the guise of budget cuts even though three months prior to my termination, the Superintendent of the Parks, Susan Ferrera, called a meeting for all City of Berkeley Parks Department employees and informed us that there would be no layoffs, including temporary workers such as myself.



## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH NUMBER
210404-88827

---

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Asha Wilkerson, Attorney for Complainant, and dated on Jan 28, 2014 at Oakland, CA.

---

# EXHIBIT B

**SUM-100**

| SUMMONS<br>*(CITACION JUDICIAL)* | Received<br>MAR 0 4 2014<br>**City Attorney** | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ALAMEDA COUNTY<br>FEB 21 2014<br>CLERK OF THE SUPERIOR COURT<br>by **D CLEMONS** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Berkley, and Does 1 X

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jamal Williams

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Rene C. Davidson Courthouse<br>1225 Fallon St.<br>1221 Oak St. Oakland, CA 94612<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br><br>RG14714688 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Asha B. Wilkerson - The Wilkerosn Law Office 1924 Franklin St., Suite 310, Oakland, CA 94612

| DATE:<br>*(Fecha)* FEB 21 2014 | LEAH T. WILSON<br>EXECUTIVE OFFICER/CLERK | Clerk, by<br>*(Secretario)* D CLEMONS | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify)*: City, Municipality
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

*12195253*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Asha B. Wilkerson (SBN 267710) | |
| The Wilkerson Law Office | |
| 1924 Franklin St., Suite 310 | |
| Oakland, CA 94612 | |
| TELEPHONE NO.: 510.962.8633   FAX NO. *(Optional):* 510.722.9337 | |
| E-MAIL ADDRESS *(Optional):* asha@thewilkersonlawoffice.com | |
| ATTORNEY FOR *(Name):* Jamal Williams | |

**FILED**
**ALAMEDA COUNTY**

MAR 07 2014

CLERK OF THE SUPERIOR COURT

By _____
                              Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: Jamal Williams

DEFENDANT/RESPONDENT: City of Berkeley

CASE NUMBER:
RG14716688

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      City of Berkeley

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Berkeley City Clerk's Office 2180 Milvia Street 1st Floor, Berkeley, CA 94704

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 3/5/14   (2) at *(time):* 8:47 a.m.
   b. ☐ by substituted service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010  [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Jamal Williams | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of Berkeley | RG14716688 |

5.    c. ☐    **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

       (1)   on *(date):*                    (2)   from *(city):*

       (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

       (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐    **by other means** *(specify means of service and authorizing code section):*

       ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐   as an individual defendant.

   b. ☐   as the person sued under the fictitious name of *(specify):*

   c. ☐   as occupant.

   d. ☐   On behalf of *(specify):*

       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

   a. Name: Asha B. Wilkerson

   b. Address: 1924 Franklin St., Suite 310, Oakland, CA 94612

   c. Telephone number: 510.962.8633

   d. The fee for service was: $ 0

   e. I am:

       (1) ☑   not a registered California process server.

       (2) ☐   exempt from registration under Business and Professions Code section 22350(b).

       (3) ☐   a registered California process server:

             (i) ☐ owner   ☐ employee   ☐ independent contractor.

             (ii) Registration No.:

             (iii) County:

8. ☑   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐   I am a California sheriff **or marshal and** I certify that the foregoing is true and correct.

Date: 3/5/14

Asha B. Wilkerson                          ▸ _____

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

# EXHIBIT

# C

### *Superior Court of California, County of Alameda*



### *Notice of Assignment of Judge for All Purposes*

Case Number: RG14714688
Case Title:    Williams VS City of Berkeley
Date of Filing: 02/21/2014

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Kaus** |
| **Department:** | **514** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2723** |
| **Fax Number:** | **(510) 267-1584** |
| **Email Address:** | **Dept.514@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel (or a self-represented party) should submit Case Management Statements in compliance with CRC 3.725 on Judicial Council Form CM-110 that, most importantly, inform the court of (1) the status of the case, (2) what counsel believes should occur at the Case Management Conference and (3) when the case will be ready for ADR or trial. Statements

that discovery will be "per code" are not helpful except for expert discovery. Counsel are encouraged to reach agreement on these matters or specifically inform the court of areas of agreement and areas of disagreement.

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Kaus
DEPARTMENT 514

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 514 by e-mail. The use of e-mail is not a subsitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or party's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Department 514 at the Hayward Hall of Justice.

### Schedule for Department 514

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Commencing January 1, 2014, all Case Management Conferences, Law & Motion and Exparte matters will be heard at 3:00 p.m.

- Trials generally are held:  Mondays through Fridays at 9:00 a.m.

- Case Management Conferences are held:  Mondays and Wednesdays at 2:30 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard:  Fridays at 2:30 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

- Parties should check DOMAIN for tentative rulings and tentative case management orders. Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party intending to submit to a tentative ruling should contact all other parties before not appearing and may reach agreement that all counsel will submit to the tentative ruling or that one party to speak for itself and others.

- Telephonic appearances through court call are encouraged for routine matters and will be accommodated to the extent possible. However, for significant contested substantive motions, counsel should consider appearing in person.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
        Email:          Dept.514@alameda.courts.ca.gov


- Ex Parte Matters
        Email:          Dept.514@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514

- Phone:  1-866-223-2244

Dated: 02/25/2014          *Facsimile* ~~Winifred Y. Smith~~

_____
Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/26/2014

By _____

_____
Deputy Clerk

The Wilkerson Law Office
Attn: Wilkerson, Asha B.
1924 Franklin St.
Suite 310
Oakland, CA 94612

## Superior Court of California, County of Alameda

| Williams | |
|---|---|
| | **Plaintiff/Petitioner(s)** |
| VS. | |
| City of Berkeley | |
| | **Defendant/Respondent(s)** |
| | (Abbreviated Title) |

No. <u>RG14714688</u>

**NOTICE OF CASE MANAGEMENT**
**CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/07/2014 | Department: 514 | Judge: **Stephen Kaus** |
|---|---|---|
| Time: 03:00 PM | Location: **Hayward Hall of Justice** | Clerk: **Kriste Stewart** |
| | **2nd Floor** | Clerk telephone: **(510) 690-2723** |
| | **24405 Amador Street, Hayward  CA 94544** | E-mail: **Dept.514@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1584** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb**.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/26/2014.

By

Deputy Clerk

# EXHIBIT

# D

**FILED BY FAX**
ALAMEDA COUNTY

April 04, 2014

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG14714688**

Asha B. Wilkerson (SBN 267710)
The Wilkerson Law Office
1924 Franklin St., Suite 310
Oakland, CA 94612
Telephone: 510.962.8633
Facsimile: 510.722.9337

*Received*

APR 07 2014

*City Attorney*

Attorney for Plaintiff
Jamal Williams

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA
UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| JAMAL WILLIAMS, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BERKELEY and DOES I-X <br> Defendants | Case No.: RG14714688 <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES <br><br> 1. Discrimination and Harassment Based Upon a Disability in Violation of the Fair Employment and Housing Act [Government Code §12940 et seq.] <br> 2. Failure to Pay Wages [29 U.S.C. §207] <br> 3. Failure to Keep Payroll Records [29 U.S.C. §211] <br> 4. Retaliation [Government Code §12940(k)] <br> 5. Hostile Work Environment [Government Code §12940(j)] |

SUMMARY OF CLAIMS

1. Plaintiff brings this action for damages against the City of Berkeley in accordance with 29 U.S.C. §§201 et seq. and the California Government Code §§12940 et seq. Defendant engaged in a pattern of tortious conduct, involving multiple violations of Fair Employment and Housing Act, including discrimination and harassment on the

FIRST AMENDED COMPLAINT FOR DAMAGES

1

basis of a physical and medical condition. Plaintiff further claims that Defendant's
conduct was intended to, and did cause Plaintiff severe mental and emotional distress.
Furthermore, Defendant unlawfully deprived Plaintiff's of his right to all wages owed
under the Fair Labor Standards Act. Plaintiff seeks compensatory damages including
general damages for mental and emotional distress and statutory attorney fees.

## PARTIES

2. At all times herein mentioned Plaintiff JAMAL WILLIAMS (hereinafter "Plaintiff")
was an employee in the County of Alameda, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges
that at all times herein mentioned Defendant CITY OF BERKELEY (hereinafter
"Defendant") is, and at all times relevant herein was, a governmental agency under
the laws of the State of California, which maintains a principal place of business in
the City of Berkeley, County of Alameda, California.

4. Plaintiff is unaware of the true names and capacities, whether corporate, associate,
individual, or otherwise, of Defendants named, as DOES I through X, inclusive.
Pursuant to CCP §474, Plaintiff will seek leave of court to amend this complaint to
state these Defendants' true names and capacities when they have been ascertained.
Plaintiff is informed and believes and based on such information and belief alleges
that these fictitiously named Defendants are responsible in some manner for the
injury and damages to Plaintiff as further alleged herein.

## AGENCY

5. Plaintiff is informed and believes and on such information and belief alleges that
Defendants, and each of them, at all times herein mentioned were the agents,
employees, servants, joint venturers, and/or co-conspirators of the remaining
Defendants, and were acting in the course and scope of such agency, employment,
joint venture, and/or conspiracy; that Defendants, and each of them, were doing the

things herein alleged, were the actual and/or ostensible agents of the remaining

defendants, and were acting within the course and scope of this agency; and that each

and every defendant, as alleged, when acting as a principal, was negligent in

selecting, hiring, supervising, and continuing the employment of each and every

Defendant as an agent, employee, or joint venturer; and/or that these Defendants

approved, supported, participated in, authorized, and/or ratified the acts and/or

omissions of these employees, agents, servants, conspirators, and/or joint venturers.

## FACTS

6.  Defendant City of Berkeley (hereinafter "Defendant") hired Plaintiff as a temporary,
    intermittent, non-benefitted and hourly employee on May 20, 2008. Plaintiff has a
    groundkeeper and was primarily responsible for maintaining city parks

7.  In 2012, Mr. Samuel Wiley, Plaintiff's supervisor, asked Plaintiff to come to his
    house and pick him up for work.  Plaintiff refused to pick him up because he did not
    feel comfortable as this was totally outside of his job description.  He also felt it was
    highly inappropriate for a supervisor to ask his employee to do personal favors.
    Plaintiff notified Mr. Wiley that he felt uncomfortable with this request.

8.  Following Plaintiff's refusal to pick Mr. Wiley up from his house, Mr. Wiley started
    to harass Plaintiff on a regular basis.

9.  On January 25, 2012, Plaintiff arrived at work and was standing in line to clock in
    using his time card when a city employee, Michelle Pedro, grabbed Plaintiff's time
    card, yelled and cursed at him.  Plaintiff immediately tried to report the incident to
    Senior Supervisor Doug McDonald, but was told that Mr. McDonald was unavailable
    and that he should report the incident to his direct supervisor.

10. Plaintiff reported the incident with Ms. Pedro to his supervisor, Mr. Wiley, however
    Mr. Wiley refused to file a formal complaint against Ms. Pedro stating that she was a
    unionized employee and that reporting Ms. Pedro's misconduct would result in
    Plaintiff losing his job.

11. Plaintiff injured his hand while at work in or around September 2012. Plaintiff filed a workers' compensation claim with Defendant and began receiving medical treatment.

12. On or around September 2012, the City refused to accommodate Plaintiff's work modification request for light or moderate duty. As a result, Plaintiff was forced to take one week off to recover. Plaintiff was unpaid during this period of forced medical leave.

13. When Plaintiff returned to work, Mr. Wiley, berated Plaintiff for filing a workers' compensation claim and announced that he had not taken a day off of work in 45 years.

14. After Plaintiff's injury, Mr. Wiley required Plaintiff to load and unload a three-quarter-ton truck with woodchips by hand, a task that was not normally included in Plaintiff's daily responsibilities.

15. Plaintiff let Mr. Wily know that he was unable to load the truck by himself and that he had medical restrictions for light duty, thereby requesting an accommodation. He specifically notified Mr. Wiley that the work aggravated his hand injury and that he needed assistance or an alternative assignment. In the days following, Mr. Wiley required Plaintiff to load the truck by himself two (2) or three (3) times a day and refused to give him assistance and accommodation.

16. In November 2012 Plaintiff worked on a Saturday, which was approved by Mr. Wiley. When Plaintiff arrived, Mr. Wiley accused Plaintiff of trying to work extra hours and of trying to "get over" on the system.

17. Mr. Wiley told Plaintiff to meet him in their supervisor office. Plaintiff met with Mr. McDonald and complained that Mr. Wily had created a hostile work environment due to his constant harassment regarding his hand injury, the hours he was working, and his schedule. Plaintiff also notified Mr. McDonald that he believed he was being retaliated against following his hand injury as Mr. Wiley required Plaintiff to perform manual labor without assistance. The tasks were normally assigned to two or three people to complete. Mr. McDonald took no corrective action.

FIRST AMENDED COMPLAINT FOR DAMAGES

4

18. Mr. Wiley also assigned Plaintiff to tasks that were beyond his regular responsibilities and that jeopardized his safety. He was required to work on the center medians by himself, which is a violation of OSHA safety standards. The safety standards require at least two employees to work in the street as a safety precaution. Occasionally employees from other City of Berkeley departments and the City's OSHA representative informed Plaintiff that the signage he was given was inadequate and that he needed to have another employee working with him.

19. Plaintiff informed Mr. Wiley about the safety guidelines. Mr. Wiley told Plaintiff to stop working for that day and then a few weeks later he would assign Plaintiff to another assignment unaccompanied by coworkers, which, again, violated OSHA safety protocol.

20. Plaintiff was scheduled to work a split shift on Thursdays from 6:30 a.m. to 1:30 p.m. and then two hours in the afternoon. During the afternoon Plaintiff was required to close five (5) parks in the City of Berkeley. Following the shift, Plaintiff was required to complete paperwork for the day. Mr. Wiley required Plaintiff to clock-out prior to completing his paperwork so that he would not be on the clock for overtime.

21. Plaintiff was not paid overtime when he worked in excess of eight hours in one day.

22. When Plaintiff asked his supervisor, Mr. Wiley, about the overtime pay he believed he was entitled to, Mr. Wiley told Plaintiff he could be fired for asking about the pay rate.

23. In addition, Plaintiff worked half of the holidays during the year. Mr. McDonald assigned Plaintiff to specific holidays. According to departmental policy, employees working on the holidays would receive four (4) additional hours of pay to the actual hours worked as holiday pay.

24. Although Mr. McDonald approved Plaintiff's work schedule and was also Mr. Wiley's supervisor, Mr. Wiley regularly refused to give Plaintiff the pay for holiday hours and frequently changed Plaintiff's time card after Plaintiff submitted it. Mr. Wiley never discussed the changes with Plaintiff.

25. Additionally, Plaintiff believes Mr. Wiley regularly changed his time card to reflect fewer hours worked.

26. Plaintiff's supervisor, Mr. Wiley, terminated Plaintiff's employment on March 19, 2013 under the guise of budget cuts.  He was asked to return his uniform, keys, safety equipment, City I.D. card, City swipe card, and assigned work tools.

27. At the time of termination, Plaintiff received a letter dated March 19, 2013 stating that his services were no longer needed and that his paycheck would be mailed to his current address.  Plaintiff did not receive his final paycheck at the time of termination.

28. On or around March 24, 2013 Plaintiff received a paycheck for the pay period ending March 16, 2013.  On or about April 9, 2013 Plaintiff received a "final" paycheck for the period ending March 30, 2013.  Upon review of the "final" paycheck, Plaintiff discovered that he had not been paid for his accrued vacation for the 2012 calendar year.

29. When Plaintiff questioned Defendant about his missing vacation pay, a payroll representative told him that he was two (2) hours shy of receiving vacation pay and his final paycheck was issued on January 24, 2013, approximately two months prior to his termination.

30. Plaintiff worked sufficient hours during the 2012 calendar year to earn forty (40) hours of vacation for the 2013 calendar year.  Plaintiff is entitled to payment of the vacation hours he did not use in 2013.

31. Mr. Wiley made repeated comments to Plaintiff that he should have started working for the City when he was in his thirties because he was now old and "washed up" at the age of forty.  Mr. Wiley also made comments stating that Plaintiff had "waited too long to work for the city" and "this job can't mean that much for you." At the time Plaintiff was terminated, he was approximately two (2) months away from becoming a permanent, vested employee with full benefits.

32. Plaintiff's co-workers noticed Mr. Wiley's harassing treatment toward Plaintiff.  Specifically, Herb Miller and Herb King were among the supervisors who made

comments to Plaintiff asking why Mr. Wiley treated Plaintiff so poorly. Mr. Miller indicated to Plaintiff that he was going to speak with Mr. Wiley to see what was going on because he was concerned about Plaintiff's disparate treatment.

33. A month after Plaintiff was terminated, Plaintiff's position was reposted on Defendant's website. However, three months prior to Plaintiff's termination, the Acting Superintendent of the Parks, Scott Feris, called a meeting for all City of Berkeley Parks Department employees and informed them that there would be no layoffs, including temporary workers.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. On or about January 28, 2014, Plaintiff filed a complaint with the Department of Fair Employment and Housing (hereinafter "DFEH"). Thereafter, on January 28, 2014, the DFEH issued a "right to sue" letter, a copy of which is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

(Disability Discrimination in Violation of the Fair Employment and Housing Act [California Government Code §12940 et seq.])

35. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 34 of the introductory allegations as if set forth in full.

36. Plaintiff was employed by Defendant, which is an "employer" under the California Fair Employment and Housing Act, Cal. Gov. Code §12926, et seq.

37. Before terminating Plaintiff, Defendant knew that Plaintiff had a disability that limited his ability to work.

38. Plaintiff was able to perform essential job duties of his position with reasonable accommodation for his disability.

39. As alleged herein, Defendant unlawfully discriminated against Plaintiff based on his disability and/or perceived disability. Defendant did so by, among other things,

refusing to accommodate Plaintiff following his request for accommodation and by terminating Plaintiff's employment. Plaintiff's disability was a motivating reason for Defendant's termination of Plaintiff's employment.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer extreme and severe mental anguish and emotional distress and other non-economic damages including but not limited to shock, anxiety, loss of self esteem, and loss of self worth, and has incurred and continues to incur medical expenses for treatment by health care professionals, and for other incidental medical expenses. Plaintiff has also suffered wage loss and loss of benefits, past and future. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to attorney's fees and costs pursuant to statue.

Wherefore Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Failure to Pay Minimum Wage & Overtime Compensation [29 U.S.C. §207])

41. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 40 of the introductory allegations as if set forth in full.

42. Defendant refused to pay Plaintiff his agreed upon hourly wage and overtime wages throughout his employment in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

43. Furthermore, Plaintiff was not paid overtime when he worked in excess of eight hours a day and when Plaintiff asked his supervisor, Mr. Wiley, about the overtime pay he believed he was entitled to, Mr. Wiley told Plaintiff he could be fired for asking about the pay rate.

44. Pursuant to 29 U.S.C. §216, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

45. Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable.

Wherefore Plaintiff prays for judgment as set forth below.


## THIRD CAUSE OF ACTION

### (Failure to Keep Payroll Records [29 U.S.C. §211])

46. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 45 of the introductory allegations as if set forth in full.

47. Defendant failed to keep records of hours worked by employees throughout his employment in violation of 29 U.S.C. §211.

48. Plaintiff was not paid for the holiday hours he was specifically assigned by his supervisor, Mr. Wiley.  Additionally, Mr. Wiley regularly changed Plaintiff's time card to reflect fewer hours worked.

49. Pursuant to 29 U.S.C. §216, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

50. Plaintiff requests that the court award Plaintiff interest on all due and unpaid wages, at the legal rate specified by Civil Code §3289(b), accruing from the date the wages were due and payable.

Wherefore Plaintiff prays for judgment as set forth below.


## FOURTH CAUSE OF ACTION

### (Retaliation [Government Code §12940(k)])

51. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 50 of the introductory allegations as if set forth in full.

52. Defendant CITY OF BERKELEY failed to fulfill its duty as an employer to assure that any and all steps reasonably necessary were taken to prevent discrimination

FIRST AMENDED COMPLAINT FOR DAMAGES

9

based on physical or medical condition or for protesting such discrimination, and as such, Defendant violated Government Code §12940(k).

53. As a direct and proximate result of this discrimination based on physical or medical condition, Plaintiff has sustained damages in sums prayed.

Wherefore Plaintiff prays for judgment as set forth below.

FIFTH CAUSE OF ACTION

(Hostile Work Environment [Government Code §12940(j)])

54. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53 of the introductory allegations as if set forth in full.

55. Defendant harassed Plaintiff on the basis of his disability and medical condition in violation of Government Code §12940(j)(1). After Plaintiff's hand injury occurred, Mr. Wiley berated Plaintiff for filing a worker compensation claim and when Plaintiff requested a reasonable accommodation, Mr. Wiley did not provide assistance in addressing Plaintiff's concerns.

56. Furthermore, when Plaintiff notified Mr. Wiley's supervisor, Douglas McDonald, that Mr. Wiley had created a hostile work environment due to his constant harassment regarding his hand injury, the hours he was working, his schedule and the fact that Mr. Wiley required Plaintiff to perform manual labor by himself that was often assigned to two or three people to complete, Mr. McDonald took no corrective action.

57. A hostile work environment harassment is speech or conduct that is severe or pervasive enough to create a hostile or abusive work environment based in relevant part on an individual's disability, medical condition, race, sex, national origin or age. Here, Plaintiff experienced constant harassment while carrying out his job duties at the City of Berkeley based in part on his disability and medical condition.

58. On multiple occasions, Mr. Wiley also harassed Plaintiff by asking him for personal favors that were outside Plaintiff's job description by making Plaintiff feel extremely uncomfortable and the conduct was sufficiently severe and pervasive to alter the

1     conditions and terms of Plaintiff's employment and created an abusive working

2     environment.

3    59. The above conduct was unwelcome, directed toward Plaintiff, and was part of an

4        ongoing and continuing pattern of conduct.

5    60. The above conduct caused Plaintiff to perceive his work environment as intimidating,

6        hostile, abusive or offensive and a reasonable person in Plaintiff's position would

7        perceive the work environment to be intimidating, hostile, abusive or offensive.

8    61. Mr. Wiley's actions were malicious, oppressive or fraudulent with intent to vex,

9        injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the

10        rights or safety of Plaintiff, and in furtherance of Defendant's ratification of the

11        wrongful conduct of the employees and managers of Defendant.

12    62. By reason of Mr. Wiley's conduct and each of them as alleged herein, Plaintiff has

13        necessarily retained attorneys to prosecute the within action. Plaintiff is therefore

14        entitled to reasonable attorney's fees and litigation expenses, including expert witness

15        fees and costs, incurred in bringing the within action.

16    63. As a result of Defendant's actions, Plaintiff sustained economic damages to be proven

17        at trial. As a further result of Defendant and each of their actions, Plaintiff suffered

18        non-economic losses including but not limited to emotional distress, resulting in

19        damages to be proven at trial.

20    Wherefore, Plaintiff requests relief as set forth below.

21

22                          PRAYER FOR RELIEF

23    1. For compensatory damages in an amount according to proof;

24    2. For penalties in an amount according to proof pursuant to 29 U.S.C. §216;

25    3. For reasonable attorney's fees pursuant to 29 U.S.C. §216(b);

26    4.  For costs of suit incurred herein; and

27    5. For such other and further relief as the court may deem appropriate.

28

Dated this April 2, 2014

The Wilkerson Law Office

Asha B. Wilkerson
Attorney for Plaintiff
JAMAL WILLIAMS

1  Asha B. Wilkerson (SBN 267710)
2  The Wilkerson Law Office
   1924 Franklin St., Suite 310
3  Oakland, CA 94612
   Telephone: 510.962.8633
4  Facsimile: 510.722.9337
5
   Attorney for Plaintiff
6  Jamal Williams
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF ALAMEDA
                   UNLIMITED CIVIL JURISDICTION
10
11
   JAMAL WILLIAMS,                      )  Case No.: RG14714688
12                                      )
              Plaintiff,               )  PROOF OF SERVICE
13                                      )
        vs.                             )
14                                      )
   CITY OF BERKELEY and DOES I-X        )
15            Defendants                )
16                                      )
                                        )
17                                      )

18                        PROOF OF SERVICE
19                    (C.C.P. §§1013, 1013a, 2015.5)

20  Case Name:  Williams v. City of Berkeley

21        I, the undersigned declare:

22        I am over the age of eighteen (18) years, and not a party to the action within. My business
23  address is 1924 Franklin St, Suite 310, Oakland, California 94612.

24  On April 2, 2014 I served the following documents:

25           PLAINTIFF'S FIRST AMENDED COMPLAINT

26  I served the documents on the following persons below as follows:

27     Kristy van Herick
28     Deputy City Attorney

                                    1

City of Berkeley
2180 Milvia Street, 4th Floor
Berkeley, CA 94704

_____ **PERSONAL DELIVERY:** I caused such envelope to be delivered by hand to the offices of each addressee above.

__X__ **UNITED STATES MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the address in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package with placed in the mail at Oakland, California.

_____ **BY FACSIMILE:** By use of facsimile machine telephone number 510.722.9337, I served a copy of the within document on the above interested parties at the facsimile number(s) listed above on this date before 5:00 p.m.

_____ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I am readily familiar with the firm's practice of collection and processing correspondence for Federal Express. Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 2, 2014

_____
Declarant

# EXHIBIT

# E

1   ZACH COWAN, City Attorney                          SBN 96372
    SARAH REYNOSO, Assistant City Attorney             SBN 120277
2   KRISTY VAN HERICK, Deputy City Attorney            SBN 178685
    BERKELEY CITY ATTORNEY'S OFFICE
3   2180 Milvia Street, Fourth Floor
    Berkeley, CA 94704
4   KvanHerick@ci.berkeley.ca.us
    TEL.: (510) 981-6998
5   FAX.: (510) 981-6960

6   Attorneys for Defendant
    CITY OF BERKELEY
7

**FILED BY FAX**
ALAMEDA COUNTY
April 21, 2014
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy
CASE NUMBER:
RG14714688

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  IN AND FOR THE COUNTY OF ALAMEDA

11

12   JAMAL WILLIAMS,                     Case No. RG14 714688

13              Plaintiff,               ASSIGNED FOR ALL PURPOSES TO
                                         HON. STEPHEN KAUS
14        vs.                            DEPT. 514

15   CITY OF BERKELEY, DOES I through X,  ANSWER TO PLAINTIFF JAMAL
     Inclusive,                          WILLIAMS'S FIRST AMENDED
16                                       COMPLAINT
              Defendants.
17

18

19          Defendant CITY OF BERKELEY answers plaintiff Jamal Williams' unverified First

20   Amended Complaint ("Complaint") by generally denying each and every allegation contained

21   therein pursuant to California Code of Civil Procedure Section 431.30, and denying that by

22   reason of any act or omission by defendant, or by any of defendant's agents, employees or

23   independent contractors, plaintiff was injured in any way.

24          Without waiving any of the foregoing answers or defenses, as and for its affirmative

25   defenses to the Complaint, defendant alleges as follows:

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, defendant alleges that plaintiff's Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against defendant.

SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendant alleges that plaintiff's claims are barred by the applicable statutes of limitation, including, but not limited to, Cal. Code Civ. Proc. § 340, Cal. Gov. Code § 12900, et seq., and 29 U.S.C. § 255.

THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendant alleges that plaintiff's claims are barred to the extent they rely on allegations which were not contained in timely charge(s) filed with the California Department of Fair Employment and Housing, or to the extent that plaintiff failed to otherwise exhaust administrative remedies as required by Cal. Gov. Code § 12960 *et seq.* and the regulations thereunder.

FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendant alleges that under defendant's Personnel Rules and Regulations, Berkeley Municipal Code Section 4.04.120 and City of Berkeley Unrepresented Manual, plaintiff did not meet the condition precedent to qualify for paid vacation leave in 2013.

FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, defendant alleges that any conduct by defendant of which plaintiff complains of was undertaken for legitimate, non-discriminatory, non-retaliatory reasons and/or as a result of business necessity.

1                             SIXTH AFFIRMATIVE DEFENSE

2            AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

3 defendant alleges that these claims are barred by operation of California Government Code

4 sections 815, 815.2, 818, 818.2, 818.8, 820.2 and 821.6.

5                           SEVENTH AFFIRMATIVE DEFENSE

6            AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE

7 DEFENSE, defendant alleges that the injury or damage that plaintiff alleges, if any existed at all,

8 resulted from a cause or causes not legally related to any act or omission by defendant but by

9 other persons and/or entities beyond the control of defendant.

10                           EIGHTH AFFIRMATIVE DEFENSE

11            AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

12 defendant alleges that plaintiff failed to mitigate his damages, if any there were.

13                          NINTH AFFIRMATIVE DEFENSE

14            AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

15 defendant alleges that plaintiff was careless and negligent in the matters alleged, thereby causing

16 and contributing to any injury, damage or loss, if any.

17                          TENTH AFFIRMATIVE DEFENSE

18            AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

19 defendant's actions were undertaken with the reasonable belief that said actions were valid and

20 constitutionally proper, and therefore, defendant is entitled to immunity.

21                         ELEVENTH AFFIRMATIVE DEFENSE

22            AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE

23 DEFENSE, defendant alleges that plaintiff's claims are barred by the exclusive remedy

24 provisions of Cal. Labor Code § 3601, *et seq.*

25                          TWELFTH AFFIRMATIVE DEFENSE

26            AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE

27 DEFENSE, defendant alleges it acted in good faith and had reasonable grounds for believing that

28 its acts or omissions, if any, did not violation the Fair Labor Standards Act.

1

THIRTEENTH AFFIRMATIVE DEFENSE

2    AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

3 DEFENSE, defendant alleges that some or all of plaintiff's claims are barred by the equitable

4 doctrines of laches, waiver, estoppel and/or unclean hands.

5

FOURTEENTH AFFIRMATIVE DEFENSE

6    AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

7 DEFENSE, defendant alleges that plaintiff's damages, if there were any, are subject to set-off.

8

FIFTEENTH AFFIRMATIVE DEFENSE

9    AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

10 DEFENSE, defendant alleges that plaintiff's claims are barred by the avoidable consequences

11 doctrine.

12

SIXTEENTH AFFIRMATIVE DEFENSE

13    AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE

14 DEFENSE, defendant presently has insufficient knowledge or information on which to form a

15 belief as to whether it may have additional, as yet unstated, affirmative defenses available.

16 Defendant reserves the right to assert additional defenses in the event that discovery indicates

17 they would be appropriate.

18    WHEREFORE, defendant prays that:

19    1.    the Court give judgment for defendant;

20    2.    the Court award defendant costs of suit herein incurred;

21    3.    that plaintiff take nothing by his First Amended Complaint; and

22    4.    for such other and further relief as the Court may deem proper.

23 Dated: April 21, 2014                    Respectfully submitted:

24                                          ZACH COWAN, City Attorney
                                           SARAH REYNOSO, Assistant City Attorney
25                                         KRISTY VAN HERICK. Deputy City Attorney

26

                   By:    *[signature]*
27                        KRISTY VAN HERICK
                          Attorneys for defendant CITY OF BERKELEY

28

4

PROOF OF SERVICE
CCP §1011, 1012, 1013a, 1013(a),(b)
FED.R.CIV.P.5  [Rev. 7/95]

**CASE NAME:**     **WILLIAMS, Jamal v. CITY OF BERKELEY**
**COURT:**            **Superior Courts, Hayward Hall of Justice**
**CASE NO.:**         **RG14 714688**

I, the undersigned, certify that I am employed in the City of Berkeley, County of Alameda, California; that I am over the age of eighteen years and not a party to the within action; that my business address is 2180 Milvia Street, Fourth Floor, Berkeley, California 94704.  On this date, I served the following document(s):

ANSWER TO PLAINTIFF JAMAL WILLIAMS'S FIRST AMENDED COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

Asha B. Wilkerson, Esq.                    <u>Plaintiff's Counsel</u>
The Wilkerson Law Office
1924 Franklin St., Suite 310
Oakland, CA 94612

__<u>X</u>__ :     <u>By First Class Mail</u> - I am readily familiar with the firms' practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Berkeley, California, for mailing to the office of the addressee following ordinary business practices.

__:     <u>By Personal Service</u> - I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

__:     <u>By Overnight Courier</u> - I caused each such envelope to be given to an overnight mail service at Berkeley, California, to be hand delivered to the office of the addressee on the next business day.

__:     <u>By Facsimile</u> - I caused each such documents to be transmitted to the office of the addressee following ordinary business practices in compliance with applicable rules of civil procedure and rules of court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 21, 2014, at Berkeley, California.

_____
JOANNA K. RUDY