UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMAL WILLIAMS,<br><br>              Plaintiff,<br><br>      v.<br><br>CITY OF BERKELEY,<br><br>              Defendant. | Case No. 14-cv-01830 NC<br><br>**ORDER APPROVING SETTLEMENT OF FLSA CLAIMS AND DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 21 |

Plaintiff Jamal Williams brought this action against the City of Berkeley alleging claims for disability discrimination, hostile work environment, and retaliation under the Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, as well as failure to pay wages and failure to keep payroll records in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 211. *See* Dkt. Nos. 1; 1-1 at 30. The case settled as a result of an early neutral evaluation. *See* Dkt. No. 17. The parties now move jointly for an order approving the settlement of plaintiff's FLSA claims and dismissing, with prejudice, plaintiff's claims against defendant. Dkt. No. 21. The Court finds this motion suitable for resolution without oral argument.

An employee's claims under FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007) (citing

*Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th. Cir. 1982)).  A district court presented with a proposed settlement of FLSA claims "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. . . . 'If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute [,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355)); *see also McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).

 Based on the parties' motion and supporting declarations, the Court finds that there is a *bona fide* dispute as to whether plaintiff was paid all earned wages, and whether he worked sufficient hours to earn paid time off.  Dkt. Nos. 21, 23, 24.  Additionally, having reviewed the parties' settlement agreement and the record in this case, the Court finds that the settlement reflects a fair and reasonable compromise of plaintiff's FLSA claims.  Under the settlement agreement, the City of Berkeley would pay plaintiff a total of $4,250 in release of all claims against the City, its employees and agents, arising out of or related to plaintiff's employment with the City, except for plaintiff's workers' compensation claim.  Dkt. No. 21 at 8.  The settlement amount exceeds the potential value of plaintiff's FLSA claims of $1,242, as estimated by the parties.  Dkt. Nos. 21, 23, 24.  While the settlement provides for a broad release of all employment-related claims, the Court finds that the settlement fairly and reasonably resolves plaintiff's FLSA claims, taking into consideration the relatively small potential value of the FLSA claims, the *bona fide* dispute as to the merits, and the fact that the settlement negotiations in this case occurred at arm's length with the assistance of a Court-appointed early neutral evaluator.

 Accordingly, in furtherance of the policy of promoting settlement of litigation, the Court GRANTS the parties' motion and APPROVES the proposed settlement of plaintiff's FLSA claims.  The case is DISMISSED WITH PREJUDICE.  Each side is to bear its own

costs and attorneys' fees.

    IT IS SO ORDERED.

Date: January 16, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-01830 NC
ORDER APPROVING SETTLEMENT
AND DISMISSING CASE

3